**Mohinder Muchhal SINGH, aka Shabeg Singh Gill, Gurdial Singh, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72254.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.\*

Filed Jan. 18, 2008.

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marion E. Guyton, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM \*\*

Mohinder Muchhal Singh, also known as Shabeg Singh Gill, and Gurdial Singh, a native and citizen of India, appeals from the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. He also contends he is entitled to protection under the Convention Against Torture ("CAT"), and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252, and we deny in part and dismiss in part the petition.

Substantial evidence supports the IJ's adverse credibility finding. The IJ properly relied upon discrepancies in Singh's testimony and other documentary evidence concerning the date of his arrival in the United States and his identity. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (affirming negative credibility finding based on, inter alia, discrepancies regarding identity).

The IJ also properly relied upon discrepancies in Singh's testimony concerning the number and the content of asylum applications that he had filed. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). Thus, we cannot say that no reasonable factfinder could fail to find him credible, and deny the asylum and withholding of removal claims. *See id.*

Singh also contends that the BIA erred by adopting and affirming the IJ's opinion, without separately addressing his CAT claim. He raised the CAT claim, however, in a vague and conclusory fashion, in his 2005 brief to the BIA, following a previous remand by the agency. These statements were not sufficient to put the agency on notice of the basis of his claim, and, in any event, the only evidence in the record to support the claim is the same evidence found not credible by the IJ. Thus, we conclude that the BIA did not abuse its discretion in this instance. *INS v. Bagamasbad*, 429 U.S. 24, 25, 97 S.Ct. 200, 50

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

L.Ed.2d 190 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

In addition, we conclude that although Singh properly exhausted his voluntary departure claim by raising it in his first BIA brief, *see Miguel–Miguel v. Gonzales*, 500 F.3d 941, 945 (9th Cir.2007), we lack jurisdiction to review his challenge to the BIA's factual basis for denying the request for voluntary departure. *See* 8 U.S.C. § 1229c(f) (no court shall have jurisdiction over an appeal from the denial of voluntary departure); *Ramadan v. Gonzales*, 479 F.3d 646, 654 (9th Cir.2007) (notwithstanding any other statutory jurisdictional bar, the court retains jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review questions of law, including the application of law to undisputed facts).

**PETITION DENIED in part and DISMISSED in part.**

---

\* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.